# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LEON KENTRILL MCCOY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

3:06-cv-00448-LRH-VPC

ORDER

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Leon McCoy, a Nevada prisoner. Petitioner filed a habeas corpus petition with this court on August 8, 2006 (docket #7). Respondents moved to dismiss the petition, or alternatively, moved for a more definite statement (docket #10). The Court granted the motion to dismiss, and ordered petitioner to file an amended petition on January 29, 2009 (docket #14). Petitioner has filed an amended petition (docket #13), and respondents have moved to dismiss several grounds of the petition (docket #16). Petitioner has not filed an opposition to the motion to dismiss.

Respondents argue that grounds two, three, five, six, seven, eight, nine, eleven, and fourteen are bald and conclusory, and are so devoid of sufficient facts that they cannot answer the claim.

In ground two petitioner alleges that trial counsel refused to pursue petitioner's requests to have witnesses testify on his behalf at trial. Petitioner does not state which witnesses he wanted to testify, what they would have testified to, or how counsel's failure to call witnesses prejudiced the outcome of trial. In ground three petitioner alleges that trial counsel failed to keep petitioner informed of the status of the case and the direct appeal. Again, this claim is devoid of factual

allegations, in that petitioner does not state what counsel failed to inform him of, or how this failure prejudiced him.

Petitioner next argues in ground five that trial counsel failed to pursue and investigate his theory of innocence. Petitioner does not state what his theory of innocence was, or how counsel's failure to investigate deprived him of a defense. Ground six alleges that trial counsel failed to communicate with petitioner, thereby depriving him of the status of his case. Similar to ground three, petitioner has not stated what he was not apprised of, or how counsel's alleged failure to communicate prejudiced the case. In ground seven petitioner alleges that counsel failed to communicate with him or prepare for trial and direct appeal. Petitioner has not stated any facts detailing what counsel should have done to prepare for trial or direct appeal, or how counsel's failure to prepare prejudiced his trial or opportunity to present a defense.

In his eighth ground for relief petitioner contends that trial counsel failed to conduct a pretrial investigation and pursue evidence relating to gun powder residue on Kevin Jackson's hands. Petitioner has failed to demonstrate what counsel should have investigated, and why gun powder residue on another person's hands was relevant to his case. Moreover, petitioner has not alleged why counsel's failure to conduct a pretrial investigation prejudiced the outcome of the trial. Ground nine alleges that trial counsel failed to investigate witnesses Tonya and Kevin Jackson. Petitioner has not stated why counsel should have investigated these witnesses, or how the failure prejudice the outcome of the case.

In ground eleven petitioner contends that counsel failed to call witnesses, answer a letter and provide petitioner with resources necessary for his defense. Petitioner does not provide any facts relating to what witnesses should have been called at trial, or what resources counsel failed to provide so that the outcome of the trial was prejudiced. Finally, in his fourteenth ground for relief petitioner contends that trial counsel "fabricated doing trial with at that time the trial prosecutor state that the petitioner fabricated his defense." This claim does not state a ground for relief. To the extent that petitioner is raising a claim of prosecutorial misconduct, he has alleged this same claim in ground thirteen.

The above-mentioned claims contain only conclusory assertions regarding trial counsel's

performance. In order to prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance, and (2) the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). Petitioner has failed to specifically outline the errors that allegedly occurred at trial, and what counsel should have done differently. Conclusory allegations not supported by a statement of specific facts do no warrant habeas corpus relief. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Furthermore, the failure to allege specific facts that support a claim renders the claim conclusory on its face and subject to dismissal for failure to state a claim. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus the motion to dismiss with respect to grounds two, three, five, six, seven, eight, nine, eleven, and fourteen will be granted and these claims will be dismissed.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #16) is **GRANTED.** The Court finds grounds two, three, five, six, seven, eight, nine, eleven, and fourteen are conclusory claims that do not warrant federal habeas corpus relief.

**IT IS FURTHER ORDERED** that grounds two, three, five, six, seven, eight, nine, eleven, and fourteen of the amended petition are **DISMISSED**.

**IT IS FURTHER ORDERED** that respondents shall have thirty days from the date of entry of this order, to file and serve an **answer** to the claims remaining in the amended petition, and petitioner shall thereafter have **thirty (30)** days to file a reply.

DATED this 30th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE