# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LEON KENTRILL McCOY, ) | |
|     Petitioner, ) | 3:06-cv-00448-LRH-VPC |
| vs. ) | |
| ) | ORDER |
| E. K. McDANIEL, WARDEN, *et al.*, ) | |
|     Respondents. ) | |

Petitioner is proceeding *pro se* in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case proceeds on the amended petition filed January 29, 2009 (Docket #13). The case is now before the court for resolution on the merits.

## PROCEDURAL HISTORY

Following a jury trial in the Nevada Eighth Judicial District Court, petitioner was convicted of burglary, attempted murder and felony battery. (Docket #20-19, Exhibit #14.) Judgment was entered March 16, 2004. *Id*.

Petitioner filed a direct appeal from his judgment of conviction on April 9, 2004, filing a fast track statement with the Nevada Supreme Court on July 19, 2004. (Docket #20-15, Exhibit 5.) The Nevada Supreme Court issued an order of affirmance on November 4, 2004. (Exhibit 20-16, Exhibit 7.)

Petitioner filed a petition for writ of habeas corpus in the Eighth Judicial District Court on November 30, 2005. (Docket #20-16, Exhibit 8.) The district court issued findings and recommendations on February 8, 2006, denying the petition. (Docket #20-17, Exhibit 10.)

Petitioner appealed to the Nevada Supreme Court, which affirmed the judgment of the district court on December 3, 2007. (Docket #20-17, Exhibit 11.)

Petitioner filed the present action in this court on August 14, 2009. (Docket #1.) Respondents filed a motion to dismiss, which this court granted on January 29, 2009, finding that the petition contained only bald and conclusory claims insufficient to give respondents proper notice of petitioner's claims. (Docket #14.) The court granted petitioner leave to file an amended petition. (*Id.*)

Petitioner filed an amended petition, which respondents moved to dismiss on May 29, 2009 (Docket #16.) The court entered an order on July 1, 2009, granting respondents' motion to dismiss. (Docket #18.) The court found that grounds two, three, five, six, eight, nine, eleven, and fourteen were conclusory claims that do not warrant federal habeas corpus relief, and dismissed those grounds. *Id*. The court granted respondents thirty days to file an answer to the remaining claims. *Id.* Respondents filed their answer to the amended petition on July 30, 2009.

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

Ground One

In ground one petitioner challenges an identification procedure, contending that Detective J. Smith improperly showed witnesses his photograph outside of a photo lineup. Petitioner contends that he was thereby deprived of his rights under the fifth, sixth and fourteenth amendments. Petitioner presented this contention as ground one of his habeas corpus petition in district court, which found that it was a substantive claim not alleging ineffective assistance of counsel which should have been raised on direct appeal. The district court found that because it was not presented on direct appeal, it was waived. (Docket #20-16, Exhibit 8; Docket #20-17, Exhibit 10.) On appeal, the Nevada Supreme Court found that the district court did not err in denying this claim on that

3

basis. (Docket # 20-17, Exhibit # 11.) Respondents now contend that ground one has been procedurally defaulted.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by

demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496).

In affirming the decision of the district court denying ground one of the petition for writ of habeas corpus, the Nevada Supreme Court cited NRS 34.810(1)(b)(2). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.[1] *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise this claim on direct appeal. Neither the petition itself, nor petitioner's other filings address the procedural default of ground one asserts any argument of cause and prejudice or miscarriage of justice to excuse the procedural default.

This court finds that ground one of the petition was procedurally defaulted in state court and

---

[1] NRS 34.810 provides in part as follows:

1. The court shall dismiss a petition if the court determines that:

(a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.

(b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:

(1) Presented to the trial court;

(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief; or

(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence,

unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.

that petitioner has not made the required showing to excuse the default.  Accordingly,  the claim is barred from review by this court, and will be dismissed.

Ground Four

In ground four, petitioner contends that trial counsel was ineffective for failing to object to the reasonable doubt instruction given to the jury.  Petitioner raised this claim as ground four before the district court, which rejected the claim with a simple finding that, "the reasonable doubt instruction was proper."  (Docket #20-17, Exhibit 10.)  The Nevada Supreme Court affirmed the judgment of the district court without expressly addressing this claim.  (Docket #20-17, Exhibit 11.)

Petitioner presents no argument as to on what basis trial counsel could have objected to the reasonable doubt instruction.  The court finds, therefore, that petitioner has failed to carry his burden of demonstrating that the state courts' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  The court thus concludes that ground four presents no basis for habeas corpus relief.

Ground Ten

In ground ten petitioner contends that there was insufficient evidence to support his convictions because there was insufficient evidence presented to prove that petitioner possessed or had the ability to control the weapon.  Petitioner presented this contention as ground ten of his habeas corpus petition in district court, which found that it was raised and resolved against petitioner on direct appeal.  (Docket #20-17, Exhibit 10.)  On appeal, the Nevada Supreme Court found that the district court did not err in denying this claim on that basis.  (Docket #20-17, Exhibit # 11.)  Respondent argues that this claim has been procedurally defaulted.

Under the standards discussed above in connection with ground one, this court finds that ground ten of the petition  was procedurally defaulted in state court and  that petitioner has not made the required showing to excuse the default.  Accordingly, ground ten is barred from review by this court, and will be dismissed.

Ground Twelve

In ground twelve, petitioner contends that his rights pursuant to the fifth, sixth, seventh and fourteen amendments were violated at sentencing when the prosecutor referred to an untried homicide charge. Petitioner argues that this untried charge was not related to the present case, and so was not relevant at sentencing. Petitioner raised this contention as ground 12 of his petition for writ of habeas corpus in the district court, which found that the claim should have been raised on direct appeal, and was therefore waived. (Docket #20-17, Exhibit 10.) On appeal, the Nevada Supreme Court found that petitioner had alleged that the state had "made improper statements during closing arguments." (Docket #20-17, Exhibit 11.) The Nevada Supreme Court found that these claims should have been raised on direct appeal, and that petitioner had failed to show good cause for his failure to do so. (*Id*.) The court concluded that the district court did not err in denying these claims. (*Id*.)

Under the standards discussed above in connection with ground one, this court finds that ground twelve of the petition was procedurally defaulted in state court and that petitioner has not made the required showing to excuse the default. Accordingly, ground twelve is barred from review by this court, and will be dismissed.

Ground Thirteen

In ground 13 petitioner contends that he was deprived of his right to due process and a fair trial under the fifth, sixth and fourteenth amendments because trial counsel conceded at closing that petitioner had kicked in the door of the apartment, and because the prosecutor accused him of lying in his pretrial statement to the police. Petitioner raised this contention as ground 12 of his petition for writ of habeas corpus in the district court, which found that the claim should have been raised on direct appeal, and was therefore waived. (Docket #20-17, Exhibit 10.) On appeal, the Nevada Supreme Court found that petitioner had alleged that the state had "made improper statements during closing arguments." (Docket #20-17, Exhibit 11.) The Nevada Supreme Court found that these claims should have been raised on direct appeal, and that petitioner had failed to show good cause for his failure to do so. (*Id*.) The court concluded that the district court did not err in denying these claims. (*Id*.)

7

Under the standards discussed above in connection with ground one, this court finds that the portion of ground thirteen of the petition concerning comments by the prosecutor was procedurally defaulted in state court and that petitioner has not made the required showing to excuse the default. Accordingly, that portion ground thirteen is barred from review by this court, and will be dismissed.

In regard to the portion of ground thirteen which concerns the concession made by defense counsel in closing argument, the district court found that petitioner had received effective assistance of counsel. (Docket #20-17, Exhibit 10.) On appeal, the Nevada Supreme Court did not directly address the issue of the concession made in closing argument, but rejected petitioner's claims that he received ineffective assistance of counsel.

Petitioner presents no argument as to how the tactical decision by trial counsel to make this concession fell below the standard of objective reasonableness set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). *See United States v. Swanson*, 943 F.2d 1070, 1075-76 (9th Cir. 1991) (finding that conceding certain elements of an offense may be advantageous to client's interests). The court finds, therefore, that petitioner has failed to carry his burden of demonstrating that the state courts' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The court thus concludes that ground thirteen presents no basis for habeas corpus relief.

Ground Fifteen

In ground fifteen petitioner alleges that his rights to due process, an impartial jury and equal protection under the fifth, sixth and fourteenth amendments because there were no jury members of petitioner's race on the jury. Petitioner raised this contention as ground 15 of his petition for writ of habeas corpus in the district court, which found that the claim should have been raised on direct appeal, and was therefore waived. (Docket #20-17, Exhibit 10.) On appeal, the Nevada Supreme Court found that petitioner had alleged that the state had "made improper statements during closing arguments." (Docket #20-17, Exhibit 11.) The Nevada Supreme Court found that these claims

8

should have been raised on direct appeal, and that petitioner had failed to show good cause for his failure to do so. (*Id*.) The court concluded that the district court did not err in denying these claims. (*Id*.)

Under the standards discussed above in connection with ground one, this court finds that ground fifteen of the petition was procedurally defaulted in state court and that petitioner has not made the required showing to excuse the default. Accordingly, ground fifteen is barred from review by this court, and will be dismissed.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that grounds one, ten, twelve, the portion of ground thirteen concerning comments by the prosecutor, and ground fifteen are **DISMISSED with prejudice** as procedurally barred.

**IT IS FURTHER ORDERED** that ground four and the portion of ground thirteen which concerns the concession made by defense counsel in closing argument are **DENIED** on the merits.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is **DENIED**. The clerk is directed to enter judgment accordingly and to close this case.

DATED this 9th day of September, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE